IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENTLEY J. PARKER          )     Case No. 08-CV-2602 JAR DJW
                           )
        Plaintiff,         )                        DEPUTY
                           )                   AT KANSAS CITY, KS
v.                         )     **COMPLAINT, REQUEST FOR**
                           )     **JURY TRIAL, AND REQUEST FOR**
KYLE RAILROAD COMPANY,     )     **VENUE**
a Kansas corporation,      )
                           )
        Defendant.         )

## COMPLAINT

COMES NOW Plaintiff Bentley J. Parker, by and through his attorneys

hereinafter identified, and for his cause of action against Defendant Kyle Railroad

Company, states and alleges as follows:

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the

place of Trial.

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Federal Employers' Liability Act

(FELA), 45 U.S.C. § 51, *et seq.*, and the Federal Locomotive Inspection Act (LIA),

formerly the 'Boiler Inspection Act,' 49 U.S.C. § 20701, *et seq.* and Plaintiff invokes this

Court's jurisdiction pursuant to these statutes.  Venue is proper in this district pursuant

to 45 U.S.C. §56.

## PARTIES

2.     At the time of the events giving rise to this action, and at all times relevant hereto, Plaintiff was and is a resident and citizen of Republic, Republic County, Kansas.

3.     At the time of the events giving rise to this action and at all times relevant hereto, Defendant Kyle Railroad Company (hereinafter "Kyle Railroad") was and is a Kansas corporation with its principal place of business in Phillipsburg, Phillips County, Kansas, authorized and doing business as a railroad in Kansas, Nebraska and Colorado as a common carrier in interstate commerce.

4.     Plaintiff, at all times relevant, was employed by Defendant Kyle Railroad in furtherance of its activities in interstate commerce and, at all times material, acted within the course and scope of his employment for Kyle Railroad.

## NEGLIGENCE LIABILITY PURSUANT TO FEDERAL EMPLOYERS' LIABILITY ACT

5.     On December 4, 2005, Plaintiff was working as a conductor on a CEFX-9345 locomotive.  At approximately 9:45 p.m. while working near Scandia, Kansas, Plaintiff was walking on the walkway from the lead unit to the second unit of the aforementioned train when he slipped and fell on hazardous snow and ice conditions present on the walkway.  Plaintiff fell approximately twenty five feet causing permanent injury to his back including but not limited to a compression fracture of his vertebra.

6.     At the time and place described above, Defendant Kyle Railroad by and through its agents, servants and employees, was negligent in violation of the Federal Employers' Liability Act, 45 U.SC. § 51, *et seq.*, in failing to provide Plaintiff a safe place to work, and in failing to provide Plaintiff safe tools and equipment.

2

7.      As a result of the negligence of Defendant Kyle Railroad, Plaintiff suffered severe and permanent injuries to his back—injuries which have required extensive medical care and treatment.  As a result of these injuries, Plaintiff has incurred net lost wages to date in the approximate amount of $6,840.00 and medical expenses of approximately $1,500.00.  Furthermore, Plaintiff has suffered, now suffers and in the future will continue to suffer pain and suffering, both physical and mental, and disability.

### STRICT LIABILITY PURSUANT TO FEDERAL LOCOMOTIVE INSPECTION ACT (LIA)

Plaintiff incorporates paragraphs 1-7.

8.      At the time and place described above, Defendant Kyle Railroad used or permitted to be used on its line a locomotive in violation of one or more provisions of the Locomotive Inspection Act (LIA), formerly the 'Boiler Inspection Act,' codified at 49 U.S.C. § 20701, et seq., and by effect of the same, Defendant is strictly liable for Plaintiff's injuries and damages.

9.      As a result Defendant's violations of the Locomotive Inspection Act, Plaintiff suffered severe and permanent injuries to his back—injuries which have required extensive medical care and treatment.  As a result of these injuries, Plaintiff has incurred net lost wages to date in the approximate amount of $6,840.00 and medical expenses of approximately $1,500.00.  Furthermore, Plaintiff has suffered, now suffers and in the future will continue to suffer pain and suffering, both physical and mental, and disability.

3

## JURY DEMAND

Plaintiff requests trial by jury.

WHEREFORE, Plaintiff Bentley J. Parker prays for a jury trial of the foregoing issues and for judgment against Defendant Kyle Railroad Company in his favor on all the above theories of liability for his present calculable special damages of $8,340.00 for any and all general damages allowed by law and for the cost of this action.

Dated this _____ day of December, 2008.

BENTLEY J. PARKER, Plaintiff.

By: _____
J. Donald Lysaught, Jr., #11230
Evans & Mullinix, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
913-962-8700
913-962-8702 (fax)

and

Richard J. Dinsmore, NE Bar #11019
Jayson D. Nelson, NE Bar #22111
Law Offices of Richard J. Dinsmore, PC
1905 Harney Street, Suite 710
Omaha, Nebraska 68102
402-341-2020
402-341-1851 fax

ATTORNEYS FOR PLAINTIFF

397573